IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


SATNAM SINGH, #A75-252-694,          *
          Petitioner
                                     *

     v.                                   CIVIL ACTION NO. RWT-05-1464

                                     *

I.C.E., et al.,

          Respondents               *

                              ******

## MEMORANDUM OPINION


Satnam Singh is being held in Department of Homeland Security, Bureau of Immigration and

Customs Enforcement ("ICE") custody at the Wicomico County Detention Center in Salisbury, Maryland,

awaiting deportation.  On May 27, 2005, he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas

Corpus, pro se, claiming that his continued ICE detention violates the dictates of Zadvydas v. Davis, 533

U.S. 678 (2001).

Respondents[1] have filed a Response to the Petition for Writ of Habeas Corpus as well as a

supplement thereto. (Paper Nos. 3 and 5).  Petitioner has filed a Reply.  (Paper No. 4).  No oral argument

is necessary because the parties have fully briefed the issues. *See* Local Rule 105.6 (D. Md. 2004).  For

the reasons stated below, the court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

### I. Background

Petitioner is a native and citizen of India.  He attempted to enter the United States on November

---

[1]      Respondents request that  I.C.E. be dismissed  as a respondent in these proceedings relying on
Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (June 28, 2004) (proper Respondent to a "pure detention"
Petition for Writ of Habeas Corpus is the warden of the detention facility where the alien is detained). The request shall
be granted.

14, 1992, at Niagara Falls, New York, by claiming to be a United States citizen. (Paper No. 3, Ex. A.)

He was charged as being inadmissable to the United States as an alien without a valid visa or entry

document and as an alien who attempted to enter by fraud or materially misrepresenting a material fact.

(Id.)  Petitioner failed to appear for his July 1, 1993 hearing and was ordered excluded and deported. (Id.)

On November 29, 1996, Petitioner filed an application for asylum.  (Id.)  On January 17, 1997,

Petitioner was served with an Order to Show Cause charging him as being deportable as an alien who

entered without inspection. (Id.)  On October 16, 1997, after Petitioner withdrew his application for

asylum, the Immigration Judge ("IJ") found Petitioner deportable as charged but granted him the privilege

of departing voluntarily on or before April 16, 1998, with an alternative Order that Petitioner be deported

to India.  (Id.)  Petitioner did not appeal the IJ's decision to the Board of Immigration Appeals  ("BIA").

(Id.)

Petitioner did not voluntarily depart and so became subject to an administrative final order of

deportation.  Petitioner was taken into ICE custody on May 5, 2004. (Id.)  Petitioner's motion to reopen

his immigration proceedings was denied by the IJ on June 10, 2004.  His appeal of that decision was

denied by the BIA on September 8, 2004.  (Id.)  The Embassy of India has issued a travel document

authorizing Petitioner's repatriation.  ICE intends to scheduled Petitioner's deportation from the United

States on or after July 30, 2005.  (Paper No. 5.)

## II. Analysis

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that post-removal order

detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about

the alien's removal from the United States and does not permit indefinite detention.[2]  In sum, the Supreme

Court found that after an order of deportation became final, an alien may be held for a six month period.

After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal

is not significantly likely in the reasonably foreseeable future.  To the contrary, Respondent's recent filings

with the Court, evidencing that the necessary travel documents have been received and that Petitioner's

deportation to India is now imminent,[3] refute any such contention and render Petitioner's habeas challenge

to his post-order detention under Zadvydas moot.

### III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed.  A separate Order

follows.

  8/15/05                                                      /s/  
  Date                                           ROGER W. TITUS  
                                               UNITED STATES DISTRICT JUDGE

---

[2]The Supreme Court has recently held the *Zadvydas* applies to aliens, like Petitioner, who were found to be inadmissible.  *Clark v. Suarez-Martinez*, ___ U.S. ___, 125 S.Ct. 716, 722 (Jan. 12, 2005).

[3]Respondent will be required to file a status report advising the court of Petitioner's removal.